**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERCA<br>v.<br>JOSEPH MUIR OSBORNE, SR.,<br>*Defendant*. | Case No. 1:24-cr-00323-ABA |

**MEMORANDUM OPINION AND ORDER**

On August 28, 2026, the Court held a hearing on Defendant's Motion to Suppress Statements, ECF No. 59, and Motion to Suppress Cell Phone Evidence and the Fruits Thereof, ECF No. 60. In that hearing, Fairfax County, Virginia, Police Department Detective Markley Grigg testified that, although he did not author the July 23, 2024 search warrant package in this case, he drafted a probable cause statement (the "Draft Statement"), which he sent to Frederick County, Maryland, Sheriff's Office Detective Kayla Staub so that the Frederick County Sherriff's Office could "move as quickly as possible." ECF No. 112-1 at 21–22 (20:21–21:19). Detective Staub testified that she had received the Draft Statement from Detective Griggs, and she edited it before submitting the final search warrant application to the state court. *Id*. at 101 (100:1–16).

Following the hearing, Mr. Osborne moved for the disclosure of the Draft Statement pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2 (the "Jencks Act"). ECF No. 108. The government filed an opposition brief (ECF No. 112), and Mr. Osborne filed a reply brief (ECF No. 114). On September 25, 2026, the Court entered an order requiring the government to produce the Draft Statement for *in camera* review. ECF No. 117. The government produced the Draft Statement the same day, ECF No. 119, and the Court has reviewed it.

The Jencks Act provides that, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *see also* Fed. R. Crim. P. 26.2(a). A statement includes, in relevant part, "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1); Fed. R. Crim. P. 26.2(f)(1). The definition of "statement" in the Jencks Act is "precise and circumscribed," and applies to writings with an "element of finality and completeness" as opposed to "rough notes" or "jottings" that "serve only a limited and temporary purpose" in the course of an investigation. *United States v. Hinton*, 719 F.2d 711, 717–718 (4th Cir. 1983).

As the Court noted in its previous order:

> The statement apparently was not "signed" and Detective Grigg anticipated that Fredrick County law enforcement would edit the document before submitting a warrant application. And "the mere fact that an agent generated a writing and attached his name or initials to that writing are insufficient to render it a 'statement.'" [*United States v. Ogunwale*, Case No. 24-cr-165, 2025 WL 2463681, at *19 (E.D. Va. Aug. 26, 2025)]. But Mr. Osborne has come forward with sufficient "foundation" for his request to justify *in camera* review. *See* [*United States v. Boyd*, 53 F.3d 631, 634 (4th Cir. 1995)]. At the hearing, Detective Grigg described the material he provided the Frederick County detectives as a "full workup" of his investigation, and specifically described the document at issue as "*a probable cause statement*" and "*an affidavit* so that they could have everything that they needed to move as quickly as possible." ECF No. 107 at 21:10–19 (emphases added). In addition, Agent Staub did in fact rely on Detective Grigg's probable cause statement. These

> circumstances constitute a sufficient foundation to justify *in camera* review. *See, e.g.*, *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (quoting *United States v. Walden*, 578 F.2d 966, 970 (3d Cir. 1978)) (holding that "a report draft which 'was at least in a form sufficiently acceptable to the agent that he allowed it to be reviewed by his superior' might have been 'adopted or approved' by the agent"); *United States v. Melo*, 411 F. Supp. 2d 17, 20 (D. Mass. 2006) (describing the relevant inquiry as "whether the record indicates that [the agent] has verified, vouched for, and indicated that he intends to be accountable for the content of the notes").

ECF No. 117.

Upon *in camera* review of the Draft Statement, the Court has determined that there are sufficient indicia that Detective Grigg "verified, vouched for, and indicated that he intend[ed] to be accountable for the content of" the Draft Statement. *Melo*, 411 F. Supp. 2d at 20. In addition to the facts outlined above, the Court has compared the Draft Statement to the probable cause statement in the final search warrant package, ECF No. 73-3 at 8–9, and it has determined that Detective Grigg intended Detective Staub to rely on the Draft Statement, and that Detective Staub did rely on the Draft Statement in drafting her final probable cause statement. Accordingly, the Court holds that the government must produce the Draft Statement pursuant to the Jencks Act.

The Court ORDERS as follows:

1. Defendant's motion for the disclosure of the Draft Statement (ECF No. 108) is GRANTED; and
2. The government SHALL PRODUCE the Draft Statement to Defendant by 5:00 p.m. ET on Tuesday, September 29.

Dated: September 28, 2026

/s/
Adam B. Abelson
United States District Judge